62 F.3d 1417
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert T. IRVIN, Plaintiff-Appellant,
v.
Terry Ashe, Sheriff, Wilson County Sheriff's Department;
Sheriff Wilson County; Wilson County, Tennessee;
James Smith, Defendants-Appellees.
 No. 94-6217.
 United States Court of Appeals, Sixth Circuit.
 Aug. 3, 1995.
 
 1
 Before: JONES and BOGGS, Circuit Judges; and CHURCHILL, District Judge.*
 
 ORDER
 
 2
 Robert T. Irvin moves for a transcript at government expense and requests the appointment of counsel on appeal from a district court judgment entered upon a jury verdict for the defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On October 22, 1991, plaintiff filed his complaint and an amended complaint in the district court alleging, inter alia, that he was denied due process during his incarceration in the Wilson County, Tennessee, Jail as a pretrial detainee when he was confined to his cell without disciplinary hearings. Plaintiff named the defendants Wilson County Sheriff, Wilson County Sheriff's Department, and Wilson County in unspecified capacities and sought injunctive relief and $10,000,000 in unspecified money damages. After plaintiff filed several pleadings, the magistrate judge recommended that some of plaintiff's claims be dismissed and that process issue against defendants with respect to other claims. Plaintiff filed objections, and the district court adopted the magistrate judge's recommendation.
 
 
 4
 Thereafter, the magistrate judge convened an evidentiary hearing with respect to plaintiff's remaining claims. Following the hearing, the magistrate judge recommended that plaintiff's claims be dismissed as frivolous except for plaintiff's claims that he was confined to his cell for misconduct without due process. Plaintiff filed objections and moved for recusal of the magistrate judge. The district court again adopted the magistrate judge's recommendation.
 
 
 5
 Next, plaintiff's remaining claims proceeded to a two-day jury trial. At the close of evidence, the jury returned a verdict for the defendants, and a judgment for defendants was entered. Plaintiff filed a timely notice of appeal, and the district court granted plaintiff leave to appeal in forma pauperis.
 
 
 6
 Upon consideration, the motion for a transcript and request for counsel are denied, and the judgment is affirmed in pertinent part for the reasons stated by the district court. Generally, plaintiff's contentions on appeal are unsubstantiated and without merit. First, plaintiff's contention that numerous specific pleadings filed were not addressed is belied by the record. All of plaintiff's claims were addressed in a magistrate judge's report and recommendation entered July 30, 1992. In his objections, plaintiff challenged only the recommendation with respect to his claim that defendants impinged upon his First Amendment right to access to the courts. However, plaintiff alleged no prejudice to him in any pending legal matter. Therefore, plaintiff did not allege a denial of his right to access to the courts cognizable under Sec. 1983. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985).
 
 
 7
 Similarly, plaintiff's contention that matters related to his criminal trial were not addressed in the district court is belied by the record. Further, plaintiff's contention that defense witnesses committed perjury and that the district court denied his requests to introduce two orders of the Wilson County, Tennessee, Chancery Court to show the perjury is wholly unsubstantiated. Without more, plaintiff essentially challenges the determination of witness credibility solely within the province of the jury. See United States v. L.E. Cooke Co., 991 F.2d 336, 343 (6th Cir.1993). Notably, only one of the orders of the Chancery Court cited by plaintiff appears of record. However, the order simply has no relevance to this appeal.
 
 
 8
 Next, plaintiff's contention that "the jury consisted mainly of individuals that were connected with the law enforcement through the military and/or the regular law enforcement and/or relatives in law enforcement" again is wholly unsubstantiated. Similarly, plaintiff's contention that defense counsel described plaintiff as a "murderer" and as a "convict that had nothing to do but file lawsuits" is otherwise unsubstantiated. Moreover, those portions of the transcript necessary to review these allegations have not been provided or requested. Accordingly, these claims effectively are unreviewable on appeal.
 
 
 9
 Next, plaintiff's claim that a subpoenaed witness did not appear for trial is facially baseless. Plaintiff notes that the district court offered its assistance in haling the witness to court, which plaintiff refused. Plaintiff's conclusory assertion that he was not permitted to meet with witnesses before trial simply provides no basis for appeal. Further, defendants correctly note that plaintiff's right to vote is irrelevant to the district court proceedings in this case. Accordingly, these facially meritless claims need not be addressed further on appeal.
 
 
 10
 Finally, it is noted that plaintiff argues in his reply brief that the Magistrate Sandidge was biased against him. However, this claim is not cognizable on appeal because it was raised for the first time in plaintiff's reply brief. See United States v. Perkins, 994 F.2d 1184, 1191 (6th Cir.), cert. denied, 114 S.Ct. 279 (1993). Moreover, plaintiff has cited nothing in the district court or on appeal which would warrant recusal of Magistrate Judge Sandidge. See Liteky v. United States, 114 S.Ct. 1147, 1155-57 (1994). Accordingly, this claim lacks merit.
 
 
 11
 For the foregoing reasons, the motion for a transcript and request for counsel are denied, and the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation